Quincy SIMS, Plaintiff—Appellant,

v.

D. RIOS; et al., Defendants—Appellees.

No. 10–17731.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Nov. 1, 2011.

Quincy Sims, Delano, CA, pro se.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Quincy Sims, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly dismissed the action because Sims' allegations that defendants violated prison regulations and his procedural due process rights when they unassigned him from the rehabilitation program and transferred him to an-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

other institution do not provide a cause of action under § 1983. *See Meachum v. Fano,* 427 U.S. 215, 225–27, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (no liberty interest in being housed at a particular institution); *Coakley v. Murphy,* 884 F.2d 1218, 1221 (9th Cir.1989) (no constitutional right to rehabilitation); *see also Galen v. County of Los Angeles,* 477 F.3d 652, 662 (9th Cir. 2007) (§ 1983 does not provide a cause of action for violations of state law).

We do not consider Sims' Eighth Amendment claim raised for the first time on appeal. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

Sims' remaining contentions are unpersuasive.

**AFFIRMED.**

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.